On respondent's reconsideration filed August 26, 1986, reconsideration allowed, former opinion (80 Or App 329, 722 P2d 1254) adhered to November 12, 1986, petition for review denied February 3, 1987 (302 Or 594)

HANSEN,
*Appellant,*

*v.*

SINGMASTER INSURANCE AGENCY, INC.,
*Respondent.*

(83-833-J-2; CA A35273)

728 P2d 69

Judith H. Uherbelau, Thomas C. Howser and Cottle,Howser & Munsell, P.C., Ashland, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Singmaster Insurance Agency asks that we reconsider our decision in *Hansen v. Singmaster Ins. Agency,* 80 Or App 329, 722 P2d 1254 (1986). The trial court granted its motions for summary judgment on respondent's claim for payments due under a stock redemption agreement and on its counterclaim to recover payments previously made, on the ground that the redemption agreement was illegal under ORS 57.035. We held that a material issue of fact exists with respect to both the claim and the counterclaim and reversed and remanded. We adhere to that decision.

Petitioner asserts several grounds for our reconsidering our decision, only one of which we address. It claims that we improperly considered respondent's affidavit, in which he states that the market value of petitioner's expirations on the contract date was $600,000.[1] The affidavit was submitted to the trial court after it had granted petitioner's motion for summary judgment on respondent's claim, but before it had denied respondent's motion for reconsideration, granted petitioner's motion for summary judgment on its counterclaim and entered final judgment.[2]

On appeal, petitioner acknowledged that the merit of respondent's contention that capital surplus was legally sufficient on the date the contract was signed depended on the validity of his claim that petitioner's expirations should be valued at market value rather than book value. It also acknowledged his assertion that the market value of that asset was $600,000. It countered by arguing that expirations should not be considered for the purpose of determining surplus but that, if they were considered, they should be valued at book value. It did not contest the timeliness of respondent's affidavit, and we decline to consider its objection to our considering it, made for the first time on the petition for reconsideration.

Petition for reconsideration allowed; former opinion adhered to.

---

[1] Respondent states in the affidavit that petitioner sold approximately 50 percent of its expirations on September 11, 1984, for $250,000.

[2] In an order dated October 16, 1984, the trial court stated: "The Court denies plaintiff's motion for reconsideration." However, the text of the court's order clearly indicates that it did consider respondent's argument in support of his motion, but affirmed its decision on the ground that expirations "are not surplus."